IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

EUNICE RANDOLPH,                  )
                                  )
                Plaintiff,        )
                                  )
        v.                        )    No. 10 C 7602
                                  )
NORTH STAR CAPITAL ACQUISITION,   )
LLC, a Minnesota limited liability)
company, and NATIONAL MANAGEMENT  )
RECOVERY CORP., a Florida         )
corporation,                      )
                                  )
                Defendants.       )

                       MEMORANDUM ORDER

    This Court's December 6, 2010 memorandum order ("Order") vacated the earlier dismissal of this action, to allow counsel for plaintiff Eunice Randolph ("Randolph") to direct a transfer of the action to another judicial district if so desired.  As the earlier November 30, 2010 order dismissing the action had noted, Randolph had no connection at all with this judicial district (other than what may well be a venue-irrelevant fact that the law firm acting as her counsel, which characterizes itself as "providing low-cost legal services to the public" in "a nationwide program," is located here in Chicago)[1].  Nor did

---

    [1]    In that respect, there is a division of views among the district judges in this district as to whether a communication by a debt collector to an attorney for that "nationwide program" (who identified himself to that debt collector as the debtor's lawyer) violates the Fair Debt Collection Practices Act ("Act").  More specifically, Tinley v.Integrity Fin. Partners, Inc., No. 09-7925 (Dkt. 22, Mar. 29, 2010), holding that such a communication does not, is currently on appeal.  This Court takes no position on that issue.

either of the defendants conduct any business at all in this judicial district having to do with collection efforts directed toward Randolph.

On the December 17 date specified in the Order for a response by Randolph's counsel, he filed a Motion To Reconsider that elaborated on the "nationwide program" referred to in the preceding paragraph. It appears that Chicago Legal Clinic, Inc. ("Clinic") has existed for nearly three decades "to help with the legal needs of underserved and disadvantaged communities in the Chicago area," commendable services that according to the current filing were rendered to more than 17,000 clients last year. But the Clinic's "nationwide program," though it is also Chicago-based, acts on behalf of people with no Chicago connection at all -- Randolph, for example, is a resident of Madisonville, Kentucky, and the collection efforts by the two defendants were directed to her there.

As for the law firm that is acting for Randolph in this action, it describes itself as frequently the beneficiary of a referral from that nationwide program -- its current memorandum says that it is "not, in any way, part of the CLC or LASPD." In this Court's view, though it should not be misunderstood as holding any brief for the kind of debtor pursuit described in the Complaint, there is really no justification for the Clinic's attorney -- acting for the nationwide program -- writing a letter

2

that injects himself into the situation and then seeking to transmute a follow-up response to that letter into an Illinois-based lawsuit.[3]

In sum, this is not a case that calls for according deference to Randolph's choice of forum, created by such artificiality. In the current motion her counsel requests that the action be transferred to the Western District of Kentucky if this Court retains its original view after considering plaintiff's arguments, and this Court so orders.[4]

Milton I. Shadur
Senior United States District Judge

Date: December 20, 2010

---

[3] This order should not be misunderstood as a holding that in personam jurisdiction is unavailable against the two defendant companies. It is rather guided by the extraordinarily tenuous strand that assertedly connects this action with the Northern District of Illinois.

[4] As chance would have it, another like action brought by Randolph's law firm, which carries on a substantial practice in this judicial district based on asserted violations of the Act, was assigned to this Court's calendar just last week. Because one of the two defendants in that other case (unlike either of the two defendants in this action) is Illinois-based and because it assertedly directed the other defendant to engage in the collection efforts about which the plaintiff there complains, in that case this Court simply followed its nearly universal practice of issuing a scheduling order that included the setting of an initial status date. That contrasts sharply with what has been done here for the reasons stated in the Order and in the like case brought by that same law firm as quoted in the original November 30 dismissal order.